RECEIVED
USDC. CLERK. CHARLESTON. SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA      2008 MAY 29 A 9:51

| | |
|---|---|
| Gene Autry Cobin,              )<br>                               )<br>          Plaintiff,           )<br>                               )<br>     vs.                       )<br>                               )<br> Michael J. Astrue,             )<br> Commissioner of Social        )<br> Security,                      )<br>                               )<br>          Defendant.           )<br> _____) | C. A. No. 2:07-3167-GRA-RSC<br><br>**REPORT AND RECOMMENDATION** |

This action has been brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security.

After the pro se plaintiff filed his complaint on September 19, 2007, the defendant filed an answer and transcript of record on January 29, 2008. The local rules of this District provide that a plaintiff's brief be filed within thirty (30) days of the defendant's answer. Local Rule 83.VII.04, D.S.C. The court entered an Order on March 4, 2008, giving the plaintiff an additional ten (10) days to file a brief and advised him that failure to do so may result in a recommendation that this case be dismissed for failure to prosecute. On March 14, 2008, the plaintiff was granted an extension of thirty (30) days to seek legal counsel and to file his brief. The plaintiff's brief was due

1

on April 15, 2007. On April 18, it was discovered that the Clerk's Office inadvertently failed to mail a copy of the order granting an extension to file a brief to the pro se plaintiff and the plaintiff was given an extension until May 19, 2008, to file his brief.

On May 21, the plaintiff filed a motion to dismiss. Federal Rule of Civil Procedure 41(a)(2) provides that after an answer has been filed an action may be voluntarily dismissed at the plaintiff's request only by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Here the plaintiff has indicated his unwillingness to proceed without counsel and his inability to retain counsel.[1]

Accordingly, it is recommended that this action be dismissed.

ROBERT S. CARR
UNITED STATES MAGISTRATE

Charleston, South Carolina

May 28, 2008

---

[1] The inability to obtain counsel in a social security case is telling in light of the favorable attorneys fee provision of the Social Security Act.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).